1  Patrick S. Thompson, Bar No. 160804
   PatrickThompson@perkinscoie.com
2  Aaron J. Ver, Bar No. 295409
   AVer@perkinscoie.com
3  PERKINS COIE LLP
   505 Howard Street, Suite 1000
4  San Francisco, CA  94105-3204
   Telephone:  415.344.7000
5  Facsimile:  415.344.7050

6  Attorneys for Defendant
   Bumble Bee Foods, LLC, A Delaware Limited
7  Liability Company

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                     SAN FRANCISCO DIVISION

11

12  Trent Jason,                          Case No.

13              Plaintiff,                **NOTICE OF REMOVAL OF CIVIL
                                          ACTION (FEDERAL QUESTION
14       v.                               JURISDICTION, 28 U.S.C. § 1331; OR, IN
                                          THE ALTERNATIVE, DIVERSITY
15  Bumble Bee Foods, LLC, A Delaware     JURISDICTION, 28 U.S.C. § 1332)**
    Limited Liability Company,
16
                Defendant.
17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL OF CIVIL ACTION (FEDERAL QUESTION JURISDICTION, 28 U.S.C. § 1331;
ALTERNATIVELY, DIVERSITY JURISDICTION, 28 U.S.C. § 1332)

**TO:**    **THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, AT SAN FRANCISCO**

Defendant Bumble Bee Foods, LLC ("Defendant") hereby gives notice of removal of the above-captioned action, Case No. SCV-263614 currently pending in the Superior Court of California, County of Sonoma, to the United States District Court for the Northern District of California, San Francisco division. Removal is based on 28 U.S.C. §§ 1331, 1332, and 1441.

As grounds for removal, Defendant states the following:

## I.   BACKGROUND

1. This is a complaint alleging claims arising under federal regulations and federal laws governing food labeling. Plaintiff asserts fifteen claims under title 21 of the Code of Federal Regulations ("CFR"), one claim under title 19 of the CFR, and derivative state claims of fraudulent concealment, unlawful suppression, violation of California Business and Professions Code sections 17200 and 17500, all of which arise of out the purported violations of the CFR. Plaintiff does not assert any state law claim unrelated to purported violations of federal regulations or federal laws.

## II.   FEDERAL QUESTION REMOVAL

2. This Court possesses original jurisdiction in all cases arising under the laws of the United States. 28 U.S.C. § 1331. Federal question jurisdiction exists because Plaintiff's claims will necessitate the adjudication of substantial, disputed questions of law. *Id.*

3. The sum and substance of Plaintiff's claims arise out of the meaning and application of the federal labeling regulations promulgated by the United States Food and Drug Administration ("FDA"), which has the authority to implement and regulate food labeling. Plaintiff asserts that "Most of Plaintiff's complaint refers to t[he] Food Labeling Guide; along with . . . Title 211, of the Federal Code of Regulations, Part 101 -- Food Labeling, Subpart A - General Provisions, section 101.12, as revised as of April 01, 2018." Complaint ¶ 39. Plaintiff cites numerous federal regulations as the sole basis for challenging statements on Bumble Bee's products that are permitted and/or required by the FDCA and FDA regulations. *See* Complaint at ¶¶ 40-84. For example:

-2-

- "Defendant's representation that a serving was composed of two ounces, instead of the regulatory requirement mandating that, as per Title 21 C.F.R., section 101.12 subsection (b). . . ." *Id.* ¶ 52.
- "Referring, once again, to 'Table 2' of Title 21, C.F.R., section 101.12, of subsection (b), at footnote numbered '10', in relation to Defendant's canned minced claims and Defendant's canned chopped clams. . . ." *Id.* ¶ 53.
- "Defendant attempted to circumvent the regulatory requirement. . . ." *Id.* ¶ 54.
- "Defendant . . . utilized footnote '10' of 'Table 2' of Title 21, C.F.R., section 101.12 of subsection (b). . . ." *Id.* ¶ 55.
- "Defendant violated Title 21, C.F.R., section 101.104(a). . . ." *Id.* ¶ 59.
- "Defendant acted unlawfully in violation of Title 21, C.F.R., section 102.33(g). . . ." *Id.* ¶ 61.
- "Defendant also violated Title 21, C.F.R., section 101.105(h) and (i). . . ." *Id.* ¶ 69.
- "Defendant also violated Title 21, C.F.R., section 101.105 and 101.15. . . ." *Id.* ¶ 71.
- "Defendant also violated Title 21, C.F.R., section 101.4(a) and (c), and the federal 'Compliance Policy Guide 555.875'. . . ." *Id.* ¶ 75.
- Plaintiff alleges a violation of 21 CFR § 101.9(b)(11) in part because, "[The] FDA considers recipes on the label as 'promoting' a use of the food." *Id.* ¶ 79.

4.    Plaintiff specifically cites the Code of Federal Regulations as the basis for the first sixteen claims. *See id.* ¶¶ 89-280. Plaintiff also cites "Title 21, Code of Federal Regulations, section 101.9(b)(8)" as the legal basis of his nineteenth claim, violation of California's false advertising act. *Id.* ¶ 320.

5.    Plaintiff's seventeenth and eighteenth claims of fraudulent concealment and unlawful suppression of material facts derive solely from the allegations that Defendant's product labels violated FDA regulations. Plaintiff alleges that a claim for concealment arises for "not

NOTICE OF REMOVAL OF CIVIL ACTION (FEDERAL QUESTION JURISDICTION, 28 U.S.C. § 1331; ALTERNATIVELY, DIVERSITY JURISDICTION, 28 U.S.C. § 1332)

1    conspicuously disclosing material facts on Defendant's food product labels," *id.* ¶ 296, and a claim

2    for unlawful suppression arises for "not conspicuously disclosing those material facts on

3    Defendant's food product labels, as represented previously herein." *Id.* ¶ 308.

4         6.    Similarly, Plaintiff's twentieth claim also turns on federal regulations governing

5    good labels.  Plaintiff states that by "violating [federal] requirements on Defendant's food labels;

6    of which Plaintiff has itemized previously herein," Defendant subsequently violates California's

7    Unfair Competition Act.  *Id.* ¶ 344.

8         7.    The Court's exercise of federal question jurisdiction is appropriate because

9    Plaintiff's claims necessarily turn on substantial, disputed questions of federal law, including the

10   FDCA and the specific FDA regulations cited in the complaint.

11   **III.    SUPPLEMENTAL JURISDICTION**

12        8.    To the extent not otherwise provided for above, supplemental jurisdiction exists as

13   to all other claims as set forth in the Complaint, pursuant to 28 U.S.C. § 1367.

14        9.    A court may exercise supplemental jurisdiction "over all other claims that are so

15   related to claims within such original jurisdiction that they form part of the same case or

16   controversy." 28 U.S.C. § 1367(a).  This standard is satisfied because Plaintiff's claims are so

17   related to claims as to which there is federal question jurisdiction that they form parts of the same

18   case or controversy.  In addition, Plaintiff's claims do not raise novel or complex issues of state

19   law and do not substantially predominate over the federal claims.  *See* 28 U.S.C. § 1367(c).

20   Accordingly, to the extent necessary, this Court has supplemental jurisdiction pursuant to 28 U.S.C.

21   section 1367.

22   **IV.    DIVERSITY OF CITIZENSHIP**

23        10.   In the alternative, this Court possesses original jurisdiction in all civil actions where

24   the matter in controversy exceeds the sum of $75,000 and is between citizens of different States.

25   28 U.S.C. § 1332 (a)(1).

26

27

28

11.    A "[limited liability company] is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

12.    Plaintiff alleges that he may be entitled to restitution up to $20,000,000. Complaint ¶ 345.

13.    Based on the face of the complaint, the parties have diversity of citizenship. Plaintiff states that he is a California citizen residing in Mendocino, California. Complaint ¶ 1. Plaintiff alleges that Defendant is a Delaware Limited Liability Corporation. *Id.* ¶ 2. Plaintiff alleges that Lion Partners, LLP, a private equity firm based in London, England, owns Defendant. *Id.* ¶ 3.

14.    Defendant avers that it is a limited liability company ("LLC") organized under the laws of Delaware.

15.    Defendant avers that Lion Capital LLP manages the private equity fund Lion Capital Fund III which is comprised of Lion Capital Fund III, L.P., based in England and Wales, Lion Capital Fund III (USD), L.P., based in England and Wales, Lion Capital Fund III SBS, L.P., based in the United Kingdom, Lion Capital III SBS (USD), L.P., based in the United Kingdom, and Lion Capital Carry III L.P., which collectively is the ultimate parent of Defendant.

16.    The Court's exercise of diversity jurisdiction is appropriate because Plaintiff is a California citizen, Defendant is a Delaware LLC and its ultimate parent is collectively citizens of foreign states.

## V.    PROCEDURAL REQUIREMENTS AND LOCAL RULES

17.    <u>Removal to Proper Court</u>. This Court is part of the "district and division" embracing the place where this action was filed - Sonoma County, California. 28 U.S.C. § 1446(a).

18.    <u>Removal is Timely</u>. Bumble Bee is entitled to remove the State Court Action at any time up to thirty days after formal service of the initial pleading setting forth the claim for relief on which the action is based. 28 U.S.C. § 1446(b); *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999). The Complaint in the State Court Action was filed on or about December 3, 2018. Bumble Bee's registered agent, the CT Corporation ("CTC"), was served with

the Summons and Complaint on December 18, 2018.  See Exhibit A (Summons and Complaint).

This Notice of Removal is being filed with the United States District Court for the Northern District

of California on January 16, 2019, within 30 days of service of the State Court Action Summons

and Complaint on CTC.

19.  <u>Pleadings and Process</u>.  Attached as Exhibit A is a copy of all process, pleadings,

and orders served upon Defendant in the State Court Action.  *See* 28 U.S.C. § 1446(a).  Defendant

has paid the appropriate filing fee to the Clerk of this Court upon the filing of this Notice.

20.  <u>Notice</u>.  Attached as Exhibit B is a copy of a Notice of Removal to All Adverse

Parties, which will be promptly served upon Plaintiff's counsel and filed with the Clerk of the

Superior Court of California, County of Sonoma.  *See* 28 U.S.C. §§ 1446(a), (d).  Defendant will

also file with the Clerk of the Superior Court of California, County of Sonoma, a Notice of Filing

of Notice of Removal, pursuant to 28 U.S.C. § 1446(d).  A copy of the Notice of Filing of Notice

of Removal is attached as Exhibit C.

21.  <u>Signature</u>.  This Notice of Removal is signed pursuant to Federal Rule of Civil

Procedure 11.  *See* 28 U.S.C. § 1446(a).

22.  Based upon the foregoing, this Court has jurisdiction over this matter pursuant to 28

U.S.C. §§ 1331, 1332, and the claims may be removed to this Court under 28 U.S.C. § 1441.

**VI.  REQUEST FOR ADDITIONAL ARGUMENTS AND EVIDENCE, IF NECESSARY**

23.  In the event that Plaintiff files a request to remand, or the Court considers remand

sua sponte, Defendant respectfully requests the opportunity to submit additional arguments and/or

evidence in support of removal.

WHEREFORE, this action should proceed in the United States District Court for the

Northern District of California, San Francisco Division, as an action properly removed thereto.

NOTICE OF REMOVAL OF CIVIL ACTION (FEDERAL QUESTION JURISDICTION, 28 U.S.C. § 1331; ALTERNATIVELY, DIVERSITY JURISDICTION, 28 U.S.C. § 1332)

DATED: January 16, 2019

PERKINS COIE LLP

By: _____
Patrick S. Thompson
Aaron J. Ver

Attorneys for Defendant
Bumble Bee Foods, LLC

-7-