# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| TRENT JASON, <br><br> Plaintiff, <br><br> vs. <br><br> BUMBLE BEE TUNA, LLC, A Delaware Limited Liability Company, <br><br> Defendant. | Case No: C 19-00282 SBA <br><br> **ORDER RE MOTION TO REMAND AND MOTION TO DISMISS** <br><br> Dkt. 9, 15 |

Plaintiff Trent Jason, acting pro se, filed the instant action against Defendant Bumble Bee Tuna, LLC, alleging that it violated federal regulations and state law in labeling cans of tuna and chopped clams. Defendant removed the action based on federal question and diversity jurisdiction. 28 U.S.C. § 1441(a).

The parties are presently before the Court on (1) Plaintiff's Motion to Remand and (2) Defendant's Motion to Dismiss Complaint. Dkt. 9, 15. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby DENIES the Motion to Remand and GRANTS the Motion to Dismiss as to Plaintiff's federal claims. The Court declines to assert supplemental jurisdiction over the remaining state law claims, which are remanded to the County of Sonoma Superior Court. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed. R. Civ. P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

## I. BACKGROUND

On December 3, 2018, Plaintiff filed a Complaint against Defendant in Sonoma County Superior Court. Dkt. 1-1. The 80-page Complaint contains 362 paragraphs and alleges 21 causes of action based on Defendant's alleged mislabeling of its canned clam and tuna products. Claims 1 through 16 are predicated on violations of various federal food

labeling regulations. The remaining claims are based on California law and state claims for: Fraudulent Concealment (Claim 17); Unlawful Suppression (Claim 18); Violations of California's False Advertising Law (Claim 19); Violations of California's Unfair Competition Law (Claim 20); and Injunctive Relief (Claim 21). The Complaint alleges that if Defendant removes the action to federal court, Plaintiff "will seek class action status" and restitution in the amount $20 million. Compl. ¶ 345; see also id. ¶ 9, 18, 35.

On January 16, 2019, Defendant removed the action to this Court based on federal question and diversity jurisdiction. See Not. of Removal ¶¶ 2-16, Dkt. 1. Plaintiff subsequently filed a motion to remand and Defendant has filed a motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6) and 9(b). Both motions are fully briefed and are ripe for adjudication.

## II.  MOTION TO REMAND

"A defendant may remove an action originally filed in state court only if the case originally could have been filed in federal court." In re NOS Commc'ns, MDL No. 1357, 495 F.3d 1052, 1057 (9th Cir. 2007) (citing 28 U.S.C. § 1441(a), (b)). "The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332." Arbaugh v. Y&H Corp., 546 U.S. 500, 513 (2006). Section 1331 confers federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Under § 1332, district courts have diversity jurisdiction over all civil actions "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States." 28 U.S.C. § 1332(a).

Plaintiff denies that he has alleged any federal claims, claiming that his "entire complaint is based on reliance of California law." Pl.'s Mot. to Remand at 6. This contention lacks merit. Claims 1 through 16 expressly allege violations of federal labeling regulations promulgated by the Food and Drug Administration. See Compl. ¶¶ 89-294; see also id. ¶¶ 37-88. Because these claims are premised on violations of federal law, jurisdiction under 28 U.S.C. § 1331 is present. Armstrong v. N. Mariana Islands, 576 F.3d

950, 954-55 (9th Cir. 2009) (noting that the "arising under" qualification of § 1331 confers district courts with jurisdiction to hear "[o]nly those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.") (internal quotations omitted). The removal was therefore properly based on federal question jurisdiction. In re NOS Commc'ns, MDL No. 1357, 495 F.3d at 1057.

Plaintiff concedes that Claims 1 through 16 "reference" federal law but asserts that he can amend the pleadings to bring those claims solely under various provisions of the California Health and Safety Code. Pl.'s Mot. to Remand at 3. As a general rule, a plaintiff cannot compel remand by amending a complaint to eliminate claims or add parties in order to defeat federal jurisdiction. See Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc., 159 F.3d 1209, 1213 (9th Cir. 1998), abrogated on other grounds by Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning, 136 S. Ct. 1562 (2016). Moreover, Plaintiff's argument is premature, as he has not yet filed a motion to amend.[1] The Court finds that Defendant's removal was proper and therefore DENIES Plaintiff's motion to remand.

### III. MOTION TO DISMISS

#### A. LEGAL STANDARD

Rule 12(b)(6) "tests the legal sufficiency of a claim." Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). "Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." Somers v. Apple, Inc., 729 F.3d 953, 959 (9th Cir. 2013). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S.

---

[1] Plaintiff seems to suggest that he has a right to amend as a matter of course. Rule 15(a)(1) grants a plaintiff the right to amend without leave of court within 21 days after serving the complaint or 21 days after service of a motion under Rule 12(b), (e) or (f), whichever is sooner. Fed. R. Civ. P. 15(a)(1). Both of those deadlines have passed. Therefore, Plaintiff may file an amended complaint "only with the opposing party's written consent or the court's leave." Id. 15(a)(2)

662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The court is to "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899-900 (9th Cir. 2007). Where a complaint or claim is dismissed, leave to amend generally is granted, unless further amendment would be futile. Cervantes v. Countrywide Home Loans, Inc., 656 F.3d 1034, 1041 (9th Cir. 2011).

**B.  ANALYSIS**

**1.  Federal Question Claims**

Plaintiff s first sixteen causes of action are based entirely on regulations authorized by the Food, Drug, and Cosmetic Act ("FDCA"), as amended, 21 U.S.C. § 301 et seq. (2017). See Compl. ¶¶ 89-294. Plaintiff relies on those federal regulations as the sole theory of recovery against Defendant. Under the FDCA, only the federal government is empowered to enforce its provisions. See 21 U.S.C. § 337(a) ("all … proceedings for the enforcement, or to restrain violations, of [the FDCA] shall be by and in the name of the United States"). As such, there is no private right of action to assert a violation of the FDCA or its implementing regulations. See Buckman Co. v. Plaintiffs' Legal Comm., 531 U.S. 341, 349 n.4 (2001) ("The FDCA leaves no doubt that it is the Federal Government rather than private litigants who are authorized to file suit for noncompliance with the [FDCA]."); accord Perez v. Nidek Co., 711 F.3d 1109, 1119 (9th Cir. 2013) ("private enforcement of the [FDCA] is barred").

Though Plaintiff does not dispute that he cannot bring claims directly under the FDCA, he asserts that, if these claims are dismissed, he will reallege them and delete any reference to federal law. Pl.'s Opp'n at 3. However, Plaintiff's argument is germane to whether leave to amend is appropriate, not whether the claims, as pled, are subject to

dismissal. See Broam v. Bogan, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003).[2]  Because Plaintiff lacks prudential standing to bring Claim 1 through 16, said claims are dismissed.

### 2. State Law Claims

The remaining claims—Claims 17 through 21—are predicated on state law.  Before deciding whether to address Defendant's arguments for dismissing those claims, the Court must first determine whether it has original jurisdiction over them based on diversity, and if not, whether to exercise supplemental jurisdiction over the state law claims. See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 965 (9th Cir. 2004) ("Before considering [defendant]'s motion to dismiss on the merits…, the district court [has] a duty to ascertain whether it possesse[s] subject matter jurisdiction.").

The Notice of Removal alleges that, in the alternative to federal question and supplemental jurisdiction, diversity jurisdiction is present. See Not. of Removal ¶¶ 10-16; Def.'s Opp'n to Pl.'s Mot. to Remand at 4-5, Dkt. 24.  The Notice avers specific facts demonstrating that there is complete diversity of citizenship between the parties.  Not. of Removal ¶¶ 11, 13-16.  However, whether the jurisdictional minimum has been met is far less clear.  Id. ¶ 12.

The Ninth Circuit employs the following framework to assess whether a defendant has met its burden of showing the case exceeds the amount in controversy minimum. See Singer v. State Farm Mut. Auto. Ins. Co., 116 F.3d 373, 376 (9th Cir. 1997).  First, a "court may consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy." Id.  Thus, if the plaintiff claims a dollar amount in controversy on the face of their complaint, the defendant can generally rely on the sum claimed when removing the case. Id. at 375.  "If it is unclear what amount of damages the plaintiff has sought, … then the defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount." Gaus v. Miles, Inc., 980 F.2d 564, 566–

---

[2] In light of the Court's decision below to decline to assert supplemental jurisdiction over Plaintiff's state law claims, it is unnecessary to consider whether Plaintiff should be granted leave to amend.  Plaintiff may seek leave to amend the pleadings in state court after remand.

67 (9th Cir. 1992). The court considers facts in the removal petition and any relevant "summary judgment-type evidence." Singer, 116 F.3d at 377 (quoting Allen v. R & H Oil & Gas Co., 63 F.3d 1326 (5th Cir. 1995)).

Here, Defendant relies on the Plaintiff's allegation that he is seeking $20 million in restitution. That sum is based entirely on Plaintiff's assumption that the action is certified as a class action. Compl. ¶ 345. However, a pro se plaintiff cannot bring a class action. See Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008). Consequently, the Complaint presents nothing more than individual claims for product mislabeling. "The proper measure of restitution in a mislabeling case [under California consumer protection laws] is the amount necessary to compensate the purchaser for the difference between a product as labeled and the product as received." Hilsley v. Ocean Spray Cranberries, Inc., No. 17CV2335-GPC(MDD), 2018 WL 6300479, at *12 (S.D. Cal. Nov. 29, 2018). Nothing in the Complaint makes it "facially apparent" that Plaintiff is individually entitled to at least $75,000 in restitution. Nor has Defendant presented any evidence, either in support of its Notice of Removal or in connection with the pending motions, to meet its burden of demonstrating that the jurisdictional minimum for diversity jurisdiction is satisfied.

Based on the above, the Court finds that diversity jurisdiction has not been established. As a result, the Court's authority to consider the state law claims rest upon its exercise of supplemental jurisdiction. A court may decline to exercise supplemental jurisdiction where it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "'[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims.'" Sanford v. MemberWorks, Inc., 625 F.3d 550, 561 (9th Cir. 2010) (citation omitted). In light of the dismissal of Plaintiff's federal claims, the Court declines to assert supplemental jurisdiction over Claims 17 through 21 and remands them to state court. See Harrell v. 20th Century

Ins. Co., 934 F.2d 203, 205 (9th Cir. 1991) ("it is generally preferable for a district court to remand remaining pendent claims to state court.").

IV. **CONCLUSION**

For the reasons state above,

IT IS HEREBY ORDERED THAT:

1. Plaintiff's motion to remand is DENIED.

2. Defendant's motion to dismiss is GRANTED IN PART and DENIED IN PART. Claims 1 through 16 in the Complaint are DISMISSED. The Court declines to assert supplemental jurisdiction over the remaining state law claims, which are REMANDED to Sonoma County Superior Court.

IT IS SO ORDERED.

Dated: 4/09/19

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
Senior United States District Judge